**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| MICHAEL G. ROBINSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 1:22-CV-33 SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a motion from convicted and sentenced federal prisoner Michael Robinson for relief under *Rehaif v. United States*, 139 S. Ct 2191 (2019).  ECF No. 1.  The Court construes Robinson's filing as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  This is the fifth motion Robinson has filed with this Court pursuant to § 2255.  He has not received authorization from the United States Court of Appeals for the Eighth Circuit to file a successive motion.  As such, the motion will be denied and dismissed without further proceedings.

**Background**

On June 9, 2015, Robinson pled guilty before this Court to the offense of felon in possession of a firearm.  *United States v. Robinson*, 1:15-cr-50-SNLJ-1 (E.D. Mo. filed Apr. 9, 2015).  On November 10, 2015, the Court sentenced Robinson to a term of 120 months' imprisonment, followed by five years of supervised release.  Robinson did not appeal his conviction or sentence.

On April 6, 2016, Robinson filed his first motion to vacate pursuant to 28 U.S.C. § 2255, arguing a right to collateral review of his Armed Career Criminal Act sentence pursuant to the

Supreme Court's holdings in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). *Robinson v. United States*, 1:16-cv-72-SNLJ (E.D. Mo.). The Court denied the motion on the merits and without a hearing on August 29, 2016. *Id.* at ECF Nos. 14-15. Robinson did not file an appeal.

On December 2, 2019, Robinson filed a second motion to vacate pursuant to § 2255, seeking relief based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *Robinson v. United States*, 1:19-cv-220-SNLJ (E.D. Mo.). A week later, the motion was denied and dismissed as a second or successive § 2255 motion without authorization from the United States Court of Appeals. *Id.* at ECF Nos. 2-3. Approximately eleven months after that dismissal, Robinson sought permission from this Court to file a second or successive § 2255 motion. *Id.* at ECF No. 4. The Court denied him relief, explaining that certification for a second or successive motion must be granted by the Eighth Circuit Court of Appeals. *Id.* at ECF No. 5.

On September 22, 2020, Robinson filed a letter with the Court, construed as a motion seeking relief pursuant to § 2255. *Robinson v. United States*, 1:20-cv-201-SNLJ (E.D. Mo.). This motion was also denied as an unauthorized successive motion. *Id.* at ECF No. 2. On November 1, 2021, Robinson filed a letter seeking relief from judgment pursuant to *Borden v. United States*, 141 S. Ct. 1817 (2021), which the Court construed as a new case under 28 U.S.C. § 2255. *Robinson v. United States*, 1:21-cv-158-SNLJ (E.D. Mo.). After Robinson amended his motion on a court-provided form, the Court denied and dismissed the case as an unauthorized successive motion on February 16, 2022. *Id.* at ECF Nos. 5-6.

About a month after that dismissal, Robinson filed the instant action – his fifth motion for relief pursuant to 28 U.S.C. § 2255. He again seeks relief based on the Supreme Court's holding in *Rehaif*.

**Discussion**

The instant motion is a second or successive motion within the meaning of 28 U.S.C. §§ 2244 and 2255, and it has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Because Robinson has not received permission from the Court of Appeals to file this action, this Court lacks jurisdiction to entertain the motion.

Under 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

(1)     newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The requirement that prisoners obtain authorization from the circuit court before filing a second or successive petition in the district court is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted).

Because Robinson previously filed a § 2255 motion that was denied on the merits, the instant motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 and 2255. However, despite this Court's prior caution to Robinson, he does not aver, nor does independent inquiry show, that it has been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA.

Accordingly, the instant motion will be denied and this action is dismissed without prejudice. The Court will hear Robinson's successive motion, if and only if, the Court of Appeals authorizes its filing. <u>Robinson must seek permission from the United States Court of Appeals for the Eighth Circuit to file a second or successive motion under 28 U.S.C. § 2255. Robinson should not file another § 2255 motion with this Court until such permission has been obtained.</u>

Finally, Robinson has not met the burden for issuing a certificate of appealability under 28 U.S.C. § 2253(c). To issue a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because Robinson has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate is **DENIED** and **DISMISSED**, without prejudice, because it is an unauthorized successive motion. *See* 28 U.S.C. § 2255(h).

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability.

An Order of Dismissal will be filed separately.

Dated this 5th day of April, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE